UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSTAINABLE MEATS, LLC,

      **Plaintiff,**

v.

GRIFFON HOLDINGS, LLC, *et al.*,

      **Defendants.**

Case No. 2:23-cv-2628
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Hence, the Court may raise jurisdictional concerns *sua sponte*. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003).

Plaintiff Sustainable Meats, LLC filed its Complaint in this Court pursuant to 28 U.S.C. § 1332(a). (Compl., ECF No. 1, ¶ 24.) A federal court has diversity jurisdiction where the suit is between "citizens of different states" and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Section 1332(a) requires complete diversity, meaning the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); Peters v. Fair, 427 F.3d 1035, 1038 (6th Cir. 2005) (requiring that no defendant share citizenship with any of the plaintiffs). The party invoking diversity jurisdiction carries the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *Hertz*, 559 U.S. at 96.

1

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id.* Just one member or sub-member can destroy diversity jurisdiction. *Id.* To facilitate the determination of citizenship, the Federal Rules require a party to disclose the names and citizenship of every individual or entity whose citizenship is attributable to that party. Fed. R. Civ. P. 7.1(a)(2).

Plaintiff's supplemented corporate disclosure shows that it is an Idaho limited liability company with members who are citizens of several additional states including, most significantly, Florida.[1] (ECF No. 69, PageID 226.) The corporate disclosures of Defendants Griffon Holdings, LLC, Griffon Systems, LLC and Griffon Farms, LLC, also reveal that Derek Landri is a member of all three limited liability companies. (ECF Nos. 51–53.) Mr. Landri is citizen of Florida. (*Id.*)

Because a limited liability company has the citizenship of each of its members, Defendants Griffon Holdings, Griffon Systems and Griffon Farms are citizens of Florida, and share citizenship with Plaintiff. Thus, "the citizenship of each plaintiff is not diverse from the citizenship of each defendant" for diversity jurisdiction. *Caterpillar,* 519 U.S. at 68. The destruction of complete diversity leaves this Court without jurisdiction over this case. Accordingly, dismissal without prejudice for lack of jurisdiction is required.

---

[1] Plaintiff's supplemented corporate disclosure lists "Colby Lambertson" and "E.S.H. III 2019 Legacy Trust" as members of the company with citizenships of Florida. (ECF No. 69.)

For the reasons above, the Court *sua sponte* **DISMISSES** this case in its entirety without prejudice. The Court finds as moot all other pending motions. (ECF Nos. 61, 66, 67.) This case shall be **TERMINATED** on the Court's docket.

    **IT IS SO ORDERED.**

| | |
|---|---|
| **4/17/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |